RECEIVED

OCT 04 2011

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNTIED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

11-2927 JNE/SER

Ronald Hayes

           Plaintiff

vs.

The County of Ramsey,

and

Jeff Allen, Mary Clausen,

John Doe Nos. 1-8 all in their individual

And official capacities,

           Defendant

Complaint

Demand for jury trial

11-2927 JNE/SER

Planitiff Ronald Hayes ("Hayes") individual and all others similarly situated for
This cause of action against defendants above-named state and allege as follows.

## INTORODUCTION

This cause of action for damages is brought pursuant to 42 U.S.C.  &1983 and
1988 and Eight Amendment of United States Consttitution alleging violations of
The constitutional rights of Plaintiff, and every one similarly situated, seek redress
For the defendants' deliberate in indifference to their serious medical needs.

*1.*

SCANNED
OCT 05 2011
U.S. DISTRICT COURT ST. PAUL

## INTRODUCTION

Specifically, redress is sought for inmates at the Ramsey indifference to their

Serious medical needs. Specifically, redress is sought for inmates at the Ramsey

Workhouse ("Workhouse") who were exposed to the infectious disease

Tuberculosis ("TB"), while at the Workhouse between January 2008 and August

2008 and who then tested positive for active and or latent tuberculosis.

## PARTIES

1.     Plaintiff Ronald Hayes is an individual residing in the City of St.Paul

County of Ramsey, State of Minnesota

2.     Defendant Ramsey County is, and at all times was a political entity

Charged with control and supervision of all personal of the Ramsey County

Community Corrections Department and the Ramsey County Workhouse.

3.     Upon information and belief, defendant Jeff Allen was, at all relevant

Times a supervisory employee of the Ramsey County Community Corrections

Department assigned to the Workhouse medical clinic.

4.     Defendant Mary Clausen was at all relevant times an employee of the

Ramsey County Corrections Department assigned as a nurse to the Workhouse

Medical clinic.

5.     John Doe 1-8 are male and female nurses, doctors, correctional

Officers, community corrections aide, sergeants, lieutenants and other supervisor

Officers assigned to the Workhouse whose identity is presently unknown

## INTRODUCTION

Specifically, redress is sought for inmates at the Ramsey indifference to their

Serious medical needs. Specifically, redress is sought for inmates at the Ramsey

Workhouse  ("Workhouse") who were exposed to the infectious disease

Tuberculosis ("TB"), while at the Workhouse between January 2008 and August

2008 and who then tested positive for active and or latent tuberculosis.


## PARTIES

1.      Plaintiff Ronald Hayes is an individual residing in the City of St.Paul

County of Ramsey, State of Minnesota

2.      Defendant Ramsey County is, and at all times was a political entity

Charged with control and supervision of all personal of the Ramsey County

Community Corrections Department and the Ramsey County Workhouse.

3.      Upon information and belief, defendant  Jeff Allen was, at all relevant

Times a supervisory employee of the Ramsey County Community Corrections

Department assigned to the Workhouse medical clinic.

4.      Defendant Mary Clausen was at all relevant times an employee of the

Ramsey County Corrections Department assigned as a nurse to the Workhouse

Medical clinic.

5.      John Doe 1-8 are male and female nurses, doctors, correctional

Officers, community corrections aide, sergeants, lieutenants and other supervisor

Officers assigned to the Workhouse whose identity is presently unknown

JURISDICTION

6.     Plaintiff bring this action pursuant to  42  U.S.C.  &&1983 and 1988, the Eight

Amendment to the United States Constitution and  28  U. S. C. && 1331 and

1343(3).   The aforementioned  statutory and constitutional provisions confer

Original  jurisdiction of this court.

GENERAL ALLEGATIONS

7.     On or about  January 8, 2008, John Doe was admitted as an inmate  at the

the Workhouse.

8.     Upon information and belief John Doe was infected with active TB upon

Admission to the Workhouse on January 8,2008.

9.     Upon information and belief, John Doe 's case of active TB was not

properly  tested or detected by one or more of the initial defendants during

intake at the Workhouse.

10.    Department of Corrections  regulation ,

10.    Department of corrections regulation 2911.700 mandates that employee And inmates of Minnesota's correctional facilities, including the Workhouse, be Screened for TB according to Minn. Stat. &144.445

11.    Minn. Stat. &144.445 states, in part:

Subd. 1.    Screening of Inmates. (a) All person detained confined for 14 Consecutive days or more in facilities operated, licensed or inspected by the Department of Corrections shall be screened for tuberculosis with either a Mantoux test or a chest roentgenogram (x-ray) as consistent with screening and Follow -up practices recommended by the United States Public Health Service or the Department of Health , as determined by the commissioner of health. Administration of the Mantoux test or chest roentgenogram (x-ray) must place On or before the 14th day of detention or confinement.

12.    The Workhouse is required by law to comply with Minn. &144.445 and Department of Corrections regulation 2911.7000.

13.    John Doe was inmate confined in the Workhouse for 14 consecutive days or more sometime between January 2008 and August 2008.

14.    Upon information and belief, defendants violated Sections 144.445 and 2911.7000 by failing to adequately perform the required testing on John Doe on Or before John Doe , 14th day of confinement.

15.    Defendants violated Minn. Stat. &144.445 Department of Correction Regulation 2911.7000 as to John Doe.

16.    TB is a disease cause by bacteria called Mycobacterium Tuberculosis.

17.         TB bacteria typically attack the lungs, but can attack other parts other parts of the body including the Kidney, spine and brain.

18.         TB  generally spread through the air from one person through another  when a person with active TB of the lungs or throat coughs or sneezes causing others to breath in the bacteria and become infected.  Active TB is contagious  and can be spread by coughing sneezing or talking.

19.         Because TB mainly affects the lungs coughing is often the first Indication of an active TB infection.

20.         Signs and symptoms of active TB include: coughing up blood Or sputum (phlegm from inside the lungs); weakness; fatigue loss of appetite; Pain with breathing or coughing; fever;  and  night sweats.

21.         Latent TB can develop in active TB if  left untreated.  Without treatment,  many people with active TB die as a result of the disease.

22.         TB spreads most easily in cramped, poorly ventilated spaces. Incidence rates of TB in jails, prisons, detention centers and homeless shelters are Higher than in the general population.

23.         An active TB infection poses a serious medical need to both the Person with the disease and all other persons who share living space with that Person whether as a resident, inmate or employee.

24.         By  early  March John Doe displayed obvious signs and symptoms of  TB.

25.    John Doe was house in Dorm    200, 100, at the workhouse  along with Plaintiff Hayes and numerous other inmates of whom, upon information and belief, because infected with latent or active TB.

26.    The inmates of Dorm take their meals in a common dining area where Other inmates form other dorms in close proximity to the dining inmates.

27.    Inmates and Workhouse  personnel, including the individual defendants Knew that John Doe had serious medical needs numerous, either through actual Knowledge or by virtue of the fact that his needs were obvious.

28.    Defendants  knew the seriousness of John Doe medical needs because they were wearing  masks on their face so they Knew beyond a  shadow of doubt John Doe was seriously sick.

29.

29.          Plaintiff demand a jury trial as to all issues of fact herein


COUNT ONE

VIOLATIONS OF EIGHT AMENDMENT RIGHTS

UNDER FARMER V. BRENNAN


30.          Plaintiff and others similarly situated reallge the allegation
contained in Paragraphs 1 through 30 above against all individual defendants.

31          Defendants had a duty to provide for the safety and well being
Of plaintiff and others similarly situated.

32.          Defendants, under the color of state law, acted with deliberate
Indifference to plaintiffs' medical needs of others similarly situated in violation of
Of the Eight Amendment to the United States Constitution.

33.          Defendants, under color of state law knew of and disregarded
An obvious and serious risk to plaintiff' health of others similarly situated and
acted deliberate indifference violation of the Eight Amendment to the United-
States Constitution.

34.          Defendants subjected plaintiffs and others similarly situated to
These deprivations of their either maliciously or by acting with reckless disregard

35.          As a direct and proximate result of the acts and omissions of the
Individual defendants, plaintiff and others similarly situated contracted active

and / or latent TB and suffered physical pain and mental  anguish and were

 thereby damaged in the amount  to be determined.

36.            Plaintiff  and others similarly situated are entitled to punitive

damages.

37.            Plaintiff and others similarly situated are entitled to recovery of
their

Costs including reasonable attorneys' fees, under 42U.S.C. & .1988.

COUNT TWO<br>
FAILURE TO TRAIN INDER CITY OF CANTON V. HARRIS

AGAINST DERENDANT RAMSEY COUNTY


38.            Plaintiff and others similarly situated the reallege allegations in

Paragraphs  1  through 38 above against defendant Ramsey County.

39.            Before John Doe was moved from the Workhouse , Ramsey County,

With deliberate indifference to inmates at the Workhouse ,failed to properly train

Deputies and officers and failed to adopt, implement or require adherence to

appropriate  policies to provide timely and appropriate care to inmates when

responding to obvious and serious medical needs of inmates.

40.            Defendant Ramsey County, by such conduct,  demonstrated

deliberate  indifference and a protracted failure to care for the safety of plaintiffs

and others similarly situated with  an obvious and serious medical need.

 41             As a direct and proximate result  of the acts and omissions of  �José

7.

41.    As direct  and proximate  result of the acts and omissions of defendant

Ramsey County, plaintiff and others similarly situated contracted active TB and

Suffered physical pain and mental anguish and were thereby damaged in an

Amount yet to be determined.

42.    Plaintiff and others similarly situated are entitled to recovery of their cost,

Including reasonable attorneys' fees, under 42 U.S.C. &1988.

## COUNT THREE

## CIVIL RIGHTS VIOLATIONS UNDER MONELLV. DEPARTMENT OF SOCIAL
## SERVICES AGINST DEFENDANT RAMSEY COUNTY

43.    Plaintiff and others similarly situated reallege the allegations in

Paragraphs 1through 43  hereinabove  against defendant Ramsey County.

44.    Before John Doe was removed from the Workhouse,  defendant

Ramsey County, with deliberate indifference to the rights of inmates at the

Workhouse, initiated, tolerated, permitted, failed to correct, promoted, and

ratified a custom, pattern and practice on the part of its deputies, officers and

employees, including the individual  defendants herein, of failing to provide

prompt medical emergency care.

45.    As direct and proximate result of the acts and omissions, systemic

Flaws, policies and customs  of defendant Ramsey County, plaintiff and others

Similarly situated contracted active and/or latent TB and suffered physical

Pain and mental anguish and were thereby damage in an amount yet to be

determined.

46,      Plaintiff and others similarly situated are entitled to recovery of

Costs, including reasonable attorneys, fees, and 42 U.S.C. & 1988.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs and others similarly situated pray for judgment against

Defendants, and each of them jointly and severally , as follows:

1.      That this court find that defendants, and each of them,

Committed acts and omissions constituting violations of the Eight Amendment

To the United States Constitution, actionable under 42.U.S.C. &1988;

2.      As to Count two , a money judgment against all of the

Individual defendants for compensatory and punitive damages together with

Cost, including reasonable attorneys' fees under 42 U.S.C. & 1988

3.      As to Count three, a money judgment against defendant

Ramsey Count for compensatory damages together with cost , including

Reasonable attorneys' fees, under 42 U.S.C. & 1988

4.      For an Oder mandating serious changes in the policies and

Procedures of the Ramsey County Workhouse with respect to , among other

Things, training of correctional and medical staff and increased inmate

Supervision;

5.      That this Court award plaintiff and others similarly situated

All applicable post- judgment and post –judgment interest, and

6.      For such other and further relief as this Court deems just

and equitable

9.

Date this _10 - 4_ 2011

By: _Ronald Hayes_

Ronald Hayes Pro-Se

950 carroll  St.Paul  Minn 55104

651-8906820