## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ronald Hayes,

Plaintiff,

Civ. No. 11-2927 (RHK/AJB)
<b>ORDER</b>

v.

The County of Ramsey, *et al.*,

Defendants.

This matter is before the Court *sua sponte*.

Plaintiff Ronald Hayes, proceeding *pro se*, commenced this putative class action on October 4, 2011, alleging that he and others contracted tuberculosis from "John Doe" while inmates at the Ramsey County Workhouse (a jail facility) in 2008.   He asserts claims under 42 U.S.C. § 1983 against Ramsey County and two jail employees (Jeff Allen and Mary Clausen, members of the jail's nursing staff) for deliberate indifference to his, and the putative class's, medical needs.   The Court granted Hayes *in forma pauperis* status on October 12, 2011 (Doc. No. 4), and the United States Marshal served copies of the Complaint on Defendants in late February and early March 2012.   (See Doc. No. 7.)[1]

On March 8, 2012, Defendants filed a Motion to Dismiss and for Summary Judgment (Doc. No. 8).   They argued that the "John Doe" identified in Hayes's Complaint is Marchello McCaster, the only person ever to have a documented case of active

---

[1]   The docket does not indicate that Ramsey County has been served.   Nevertheless, it has now appeared in this matter.

tuberculosis at the Workhouse.[2]   Because Hayes's incarceration period (January 11-March 21, 2008) pre-dated McCaster's arrival at the jail (April 17, 2008), Defendants argued that he cannot have contracted tuberculosis at the facility and his claims necessarily fail.   They also pointed out that the Court already certified a class action involving persons infected with tuberculosis at the Workhouse (Robinson v. Ramsey County, Civ. No. 08-5779) and dismissed that action pursuant to a settlement.   Hayes was specifically excluded from the class in that case, however, because his time at the Workhouse did not overlap with McCaster's.

In response to Defendants' Motion, Hayes has filed a two-page document styled as "Motion in Opposition to Summary Judgment" (Doc. No. 18).   In that document, he asserts that there was, in fact, a "John Doe" inmate at the Workhouse with active tuberculosis in January 2008, who caused corrections officers to be "wearing [] mask[s] [when] coming in contact with" him.   (Id. at 1.)   He further asserts that John Doe was *not* McCaster, but rather someone whose identity he cannot learn without discovery.   (Id. at 1-2 ("The fact is John Doe's indentity [*sic*] is hidden, discovery is needed . . . . The fact is Plaintiffs is reffering [*sic*] to John Doe [Not] McCaster.") (bracketed text in original).)   As a result, he contends that dismissal of this action would be premature at this time.

The Court acknowledges its skepticism of Hayes's argument.   Indeed, it is intimately familiar with the circumstances surrounding the tuberculosis outbreak at the

---

[2]  As the Court noted in the separate deliberate-indifference action brought by McCaster, active tuberculosis must be distinguished from latent tuberculosis.   The former is contagious and can be contracted by breathing the same air as the infected individual; the latter is not contagious.   See McCaster v. Cnty. of Ramsey, 802 F. Supp. 2d 999, 1003 n.2 (D. Minn. 2011) (Kyle, J.).

Workhouse caused by McCaster in 2008, as well as the County's response to that outbreak, thanks to the mountain of evidence proffered in connection with Robinson and McCaster. Yet, it is aware of no evidence indicating (or even remotely suggesting) that any Workhouse inmate had active tuberculosis prior to McCaster's arrival.

Nevertheless, the Court is cognizant that summary dismissal generally "is proper only after the non-movant has had adequate time to engage in discovery." Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); accord, e.g., Ray v. Am. Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010) ("Although discovery does not have to be completed before a district court can grant summary judgment, summary judgment is proper only after the nonmovant has had adequate time for discovery.") (internal quotation marks and citation omitted); Nolan v. Thompson, 521 F.3d 983, 986 (8th Cir. 2008); Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). A party who claims to need discovery may file an affidavit or declaration under Federal Rule of Civil Procedure 56(d), which requires him to show "what specific facts further discovery might unveil." Stanback, 180 F.3d at 911.[3] Rule 56(d) is intended "to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirit of liberality." United States ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) (alteration in original) (citation omitted).

Here, while Hayes has not filed an affidavit or declaration, the Court interprets his response to the Motion as a request for discovery under Rule 56(d). He has asserted that someone other than McCaster was infected with active tuberculosis during the time he

---

[3] Prior to 2010, the authority for such an affidavit or declaration was found in Rule 56(f).

(Hayes) was incarcerated at the Workhouse, but he needs discovery to uncover that person's identity.   Moreover, Defendants base their Motion on their assertion that "John Doe" was actually McCaster.   Because no discovery has yet taken place in this case, Hayes has had no opportunity to test the validity of that assertion.   For these reasons, the Court concludes that dismissal would be premature and Defendants' Motion must be denied at this time.

Nevertheless, the Court wishes to make clear that Hayes should not interpret this Order as a license to pepper Defendants with broad-ranging and far-flung discovery requests.   Defendants plausibly argue that Hayes's claims are barred because there was, in fact, no "John Doe."   Accordingly, the Court concludes that at this juncture, Hayes is entitled only to narrowly focused discovery aimed at determining whether someone other than McCaster was infected with active tuberculosis during the time of his (Hayes's) incarceration.   The parties will be directed to contact Magistrate Judge Boylan to establish appropriate parameters for such discovery (length of the discovery period, etc.), bearing this limitation in mind.   At the conclusion of that discovery, Defendants may re-file their Motion, and Hayes will then be required to come forward with evidence substantiating his claim that he was infected by someone other than McCaster.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss and for Summary Judgment (Doc. No. 8) is **DENIED**, without prejudice to re-filing at a later date.   **IT IS FURTHER ORDERED**

that the hearing on Defendants' Motion, currently scheduled for May 23, 2012, is

**CANCELED**.

Dated: May 10, 2012                          s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge