# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ronald Hayes,

                Plaintiff,

                                    Civ. No. 11-2927 (RHK/AJB)
                                    **ORDER**

v.

The County of Ramsey, *et al.*,

                Defendants.

This matter is before the Court *sua sponte*.

Plaintiff Ronald Hayes, proceeding *pro se*, commenced this action in October 2011, alleging that he contracted tuberculosis in 2008 from "John Doe" while the two were inmates together at the Ramsey County Correctional Facility ("RCCF"). He asserted claims under 42 U.S.C. § 1983 against the County and two jail employees (Jeff Allen and Mary Clausen, members of the RCCF's nursing staff) for deliberate indifference to his medical needs.

On March 8, 2012, Defendants moved to dismiss or for summary judgment (Doc. No. 8). They argued that "John Doe" was actually Marchello McCaster, the only person ever to have a documented case of active tuberculosis at the RCCF.[1] Because Hayes's incarceration period (January 11-March 21, 2008) pre-dated McCaster's arrival at the

---

[1] As this Court has previously noted, active tuberculosis must be distinguished from latent tuberculosis; the former is contagious and can be contracted by breathing the same air as the infected individual, while the latter is not contagious. See McCaster v. Cnty. of Ramsey, 802 F. Supp. 2d 999, 1003 n.2 (D. Minn. 2011) (Kyle, J.).

RCCF (April 17, 2008), Defendants argued that he cannot have contracted tuberculosis at the facility. Hayes responded by arguing that there was, in fact, an unknown "John Doe" inmate at the RCCF with active tuberculosis in January 2008 who was *not* McCaster and whose identity could only be learned through discovery. (Doc. No. 18 at 1-2.) Accordingly, and because of the early (pre-discovery) stage of the case, the Court denied Defendants' Motion without prejudice to re-filing at a later date. (Doc. No. 22.)

Chief Magistrate Judge Boylan then entered a Pretrial Scheduling Order (Doc. No. 35) setting December 1, 2012, as the discovery deadline. But despite the Court having afforded Hayes the chance to support his claims with evidence obtained through discovery, and despite the Magistrate Judge having afforded Hayes several months to conduct that discovery, he never served any discovery requests on Defendants.[2]

The discovery period has now closed, and Defendants have once again moved for summary judgment. They reiterate that the evidence shows no RCCF inmate had active (that is, transmissible) tuberculosis before McCaster, whose time at the facility commenced after Hayes had already been released. They further note that Hayes's medical records disclose he contracted tuberculosis *before* he arrived at the RCCF. (See Espel Aff. Ex. A.) Hayes's response to the Motion was due on or before February 7, 2013 (see Doc. No. 36), but none was filed.

As a result of the foregoing, Defendants' Motion must be granted. At summary judgment, Hayes must come forward with *evidence* to create a genuine issue for trial,

---

[2] Hayes did, however, *file* certain *improper* discovery requests and related Motions (Doc. Nos. 24, 31, 37), which were either denied or ordered stricken by Chief Magistrate Judge Boylan. (See Doc. Nos. 35, 40.) Hayes did not appeal Judge Boylan's Orders.

see Fed. R. Civ. P. 56(c)(1)(A); Skare v. Extendicare Health Servs., Inc., 515 F.3d 836, 840 (8th Cir. 2008), but he has undertaken no discovery to identify "John Doe" and, hence, by his own admission he has no evidence to support his claims. Moreover, by failing to respond to the Motion, Defendants' evidence stands unrebutted and reveals no dispute that (1) Hayes had tuberculosis before arriving at the RCCF and (2) in any event, the only person at RCCF from whom Hayes could have contracted tuberculosis is McCaster, who was at the jail *after* Hayes was released. Hayes's claims, therefore, necessarily fail. Fed. R. Civ. P. 56(e)(2)-(3).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 54) is **GRANTED**. The hearing on the Motion, currently scheduled for February 28, 2013, is **CANCELED**. Hayes's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**. **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 20, 2013                s/Richard H. Kyle
                                                            RICHARD H. KYLE
                                                            United States District Judge